UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ANTHONY R.,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No. 23-12344<br>Magistrate Judge Elizabeth A. Stafford |

**OPINION ON CROSS-MOTIONS FOR SUMMARY JUDGMENT
(ECF NOS. 7, 9)**

## I.   Introduction

Plaintiff Anthony R. appeals a final decision of defendant Commissioner of Social Security (Commissioner) denying his application for disability insurance benefits (DIB) under the Social Security Act. Both parties have filed summary judgment motions and consented to the undersigned conducting all proceedings under 28 U.S.C. § 636(c). ECF No. 6; ECF No. 7; ECF No. 9. After review of the record, the Court **ORDERS** that:

- Plaintiff's motion (ECF No. 7) be **GRANTED**;
- the Commissioner's motion (ECF No. 9) be **DENIED**; and

- the Commissioner's decision be **REMANDED** under sentence four of 42 U.S.C. § 405(g) for further consideration consistent with this opinion.

II.   **Background**

   A.  **Plaintiff's Background and Disability Application**

Born in March 1957, plaintiff was 62 years old at the time of his alleged onset date of February 2020.  ECF No. 4-1, PageID.33, 37.  He had past relevant work as a mechanic.  *Id.*, PageID.37.  Plaintiff claimed to be disabled from a detached retina in the right eye and vision trouble.  *Id.*, PageID.91.

After the Commissioner denied his disability application initially, plaintiff requested a hearing, which took place in October 2022.  *Id.*, PageID.31.  Plaintiff and a vocational expert (VE) testified at the hearing.  *Id.*, PageID.47-48.  In the decision that followed, the ALJ found plaintiff not disabled.  *Id.*, PageID.38-39.  The Appeals Council denied review, and the ALJ's decision became the final decision of the Commissioner.  *Id.,* PageID.28.  Plaintiff timely filed for judicial review.  ECF No. 1.

   B. **The ALJ's Application of the Disability Framework Analysis**

A "disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental

2

impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner determines whether an applicant is disabled by analyzing five sequential steps. First, if the applicant is "doing substantial gainful activity," he or she will be found not disabled. 20 C.F.R. § 404.1520(a)(4). Second, if the claimant has not had a severe impairment or a combination of such impairments[1] for a continuous period of at least 12 months, no disability will be found. *Id.* Third, if the claimant's severe impairments meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, the claimant will be found disabled. *Id.* If the fourth step is reached, the Commissioner considers its assessment of the claimant's residual functional capacity (RFC) and will find the claimant not disabled if he or she can still do past relevant work. *Id.* At the final step, the Commissioner reviews the claimant's RFC, age, education, and work experiences, and determines whether the claimant could adjust to other work. *Id.* The claimant bears the burden of proof throughout the first four steps, but the burden shifts to the Commissioner if

---

[1] A severe impairment is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c).

3

the fifth step is reached. *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

Applying this framework, the ALJ concluded that plaintiff was not disabled. At the first step, she found that plaintiff had not engaged in substantial gainful activity from the alleged onset date of February 20, 2020. ECF No. 4-1, PageID.33-34. At the second step, the ALJ found that plaintiff's impaired vision was a severe impairment. *Id.*, PageID.34. Next, the ALJ concluded that none of his impairments, either alone or in combination, met or medically equaled the severity of a listed impairment. *Id.*, PageID.35.

Between the third and fourth steps, the ALJ found that plaintiff had the RFC to perform "a full range of work at all exertional levels" with these non-exertional limitations:

> [C]an frequently, not constantly, perform right eye near acuity tasks; no work at unprotected heights or with unguarded moving mechanical parts, but is able to drive and operate machinery otherwise within these limitations.

*Id*. At step four, the ALJ concluded that plaintiff could not perform his past relevant work as a mechanic. *Id.*, PageID.37. At the final step, after considering plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ concluded that he could perform jobs that existed in significant numbers in the national economy, including cleaner,

4

store laborer, and packager. *Id.*, PageID.38. The ALJ thus concluded that plaintiff was not disabled. *Id.*, PageID.38-39.

### III. Analysis

#### A.

Under § 405(g), this Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made in conformity with proper legal standards. *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014).

> Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations. And whatever the meaning of substantial in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence, this Court has said, is more than a mere scintilla. It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up). The substantial-evidence standard does not permit the Court to independently weigh the evidence. *Hatmaker v. Comm'r of Soc. Sec.*, 965 F. Supp. 2d 917, 930 (E.D. Tenn. 2013) ("The Court may not reweigh the evidence and substitute its own judgment for that of the Commissioner merely because substantial evidence exists in the record to support a different conclusion."); *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)

5

("If the Secretary's decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion.").

Plaintiff argues that (1) the ALJ erred by failing to find that his bilateral knee and low back impairments were severe impairments, (2) the RFC is not supported by substantial evidence, (3) the hypothetical posed to the VE disregarded plaintiff's impairments, and (4) the ALJ did not consider the effect of plaintiff's obesity on the RFC. ECF No. 7, PageID.487-494. The Court finds that the ALJ committed reversible error by finding plaintiff's bilateral knee impairment non-severe at step two and in failing to consider his knee impairment when formulating the RFC.

**B.**

A severe impairment is "any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). Basic work activities are "abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1522(b) (examples listed). Courts construe "step two as a *de minimis* hurdle, intended to screen out totally groundless claims." *Kestel v. Comm'r of Soc. Sec.*, 756 F. App'x. 593, 597 (6th Cir. 2018) (cleaned up).

6

The claimant bears the burden of showing the severity of his medically determinable impairments. *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987).

Plaintiff met his minimal burden of showing that he had a severe bilateral knee impairment. The record shows that plaintiff complained to a physician's assistant (PA) about knee pain in July 2021. ECF No. 4-1, PageID.447. He reported that his left knee was stiff with diffuse, sharp, and stabbing pain and that it worsened with "prolonged sitting, climbing/descending stairs, and with running or squatting." *Id*. The next month, the PA again addressed plaintiff's knee pain, noting that plaintiff was interested in cortisone shots and opining that he "may be a good candidate." *Id.*, PageID.450. When plaintiff saw Mohamed Ali, M.D., in September 2021 and November 2021, he again complained of bilateral knee pain that worsened with "prolonged sitting, climbing/descending the stairs, and with running or squatting." *Id.*, PageID.453, 458.

Then in September 2022, over a year after plaintiff first complained of knee pain, x-rays of plaintiff's knees showed mild to moderate degenerative changes on the left and moderate degenerative changes on the right. *Id.*, PageID.470-471.

On top of those records, plaintiff testified at the hearing that his "knees started acting up" when he returned to work in April 2019. *Id.*,

PageID.67. Discussing his condition when he retired in February 2020, plaintiff testified that he could not have continued performing his job because of the climbing. *Id.*, PageID.66-67. He had to walk downstairs at an angle because of the pressure on his right knee, and he noted issues with bending and sometimes walking. *Id.*, PageID.57. For treatment, plaintiff said that no doctors recommended surgery on his knees or prescribed any ambulatory assistance like a cane or brace, but he might receive cortisone shots in both knees. *Id.*, PageID.57, 64. A muscle relaxer that he used for his neck and back also helped his knee pain. *Id.*, PageID.58. Plaintiff testified that he could walk for only a half mile because his knees start hurting, he could stand only 15 or 20 minutes, and he could lift about 20 pounds. *Id.*, PageID.64.

    Despite the described evidence, the ALJ found plaintiff's knee impairment non-severe. *Id.*, PageID.34. The ALJ reasoned in part that plaintiff's "degenerative joint disease of bilateral knees ha[d] not met the 12-month durational requirement to qualify as a severe impairment." *Id.* But plaintiff first reported his knee pain to his medical providers in July 2021, and x-rays taken *over a year later* showed mild to moderate degenerative changes in both of plaintiff's knees. *Id.*, PageID.447, 470-471. And unlike other decisions finding that claimants' conditions failed to

meet the durational requirement, the ALJ did not explain how plaintiff's bilateral knee impairment was temporary or would improve with time. *See e.g.*, *Figuereo v. Comm'r of Soc. Sec.*, No. 2:20-CV-1992, 2021 WL 1975320, at *4 (S.D. Ohio May 18, 2021), *adopted*, 2021 WL 4077992 (S.D. Ohio Sept. 8, 2021) (finding claimant's hip conditions to be non-severe because they were "temporary in nature and relevant only during post surgical recovery"); *Limor v. Kijakazi*, No. 3:20-CV-1083, 2022 WL 1087676, at *5 (M.D. Tenn. Mar. 11, 2022), *adopted sub nom. Limor v. Soc. Sec. Admin.*, 2022 WL 1086505 (M.D. Tenn. Apr. 11, 2022) (reasoning that claimant's kidney stones resolved within a few weeks and did not meet the durational requirement).

The ALJ's error in assessing the severity of plaintiff's bilateral knee impairments would have been harmless if she had considered them in the remaining steps of the analysis. *Kestel*, 756 F. App'x at 597. But she did not. When assessing plaintiff's RFC, the ALJ found that plaintiff's statements about the intensity, persistence and limiting effects of the alleged symptoms were "not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." ECF No. 4-1, PageID.35. Yet in her discussion about the medical evidence, she made no mention of plaintiff's complaints of knee pain or the

9

x-rays showing that plaintiff had mild to moderate degenerative changes in both knees. *Id.*, PageID.35-36. The ALJ's entire discussion of the medical evidence focused on plaintiff's vision impairment. *Id.*

The ALJ thus provided no "logical bridge" between the evidence of plaintiff's knee impairment and her conclusion that he could perform work at all exertional levels. *See Gross v. Comm'r of Soc. Sec.*, 247 F. Supp. 3d 824, 830 (E.D. Mich. 2017) ("In the instant case, it is unclear on what the ALJ based her ultimate RFC conclusion, and she draws no accurate and logical bridge to instruct the Court of her reasoning."); *see also Walker v. Comm'r of Soc. Sec.*, No. 16-CV-13902, 2018 WL 795730, at *5 (E.D. Mich. Jan. 16, 2018), *adopted*, 2018 WL 783149 (E.D. Mich. Feb. 8, 2018) (remanding case because ALJ's failure to discuss claimant's degenerative disc disease "at all steps of the sequential evaluation process" was erroneous). And the ALJ's error "has inhibited the court's ability to perform a meaningful review of this matter." *Walker*, 2018 WL 795730 at *5.

This case is thus remanded for the ALJ to reassess plaintiff's RFC. The reassessment would necessarily require consideration of plaintiff's other challenges about her RFC, though the Court does not address those other challenges here.

## IV. Conclusion

The Court **GRANTS** plaintiff's motion for summary judgment (ECF No. 7); **DENIES** the Commissioner's motion for summary judgment (ECF No. 9); and **REMANDS** the ALJ's decision under sentence four of 42 U.S.C. § 405(g) for further consideration consistent with this opinion.

s/Elizabeth A. Stafford<br>
ELIZABETH A. STAFFORD<br>
United States Magistrate Judge

Dated: August 20, 2024

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 20, 2024.

s/Donald Peruski<br>
DONALD PERUSKI<br>
Case Manager