UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| PAUL R.,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No. 23-12344<br><br>Magistrate Judge Elizabeth A. Stafford |

**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES (ECF NO. 13)**

## I.   Introduction

Warren B. Fink, counsel for Plaintiff Paul R., seeks an award of $7,275.00 in attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A).  ECF No. 13.  The requested amount represents 29.1 hours of attorney work on plaintiff's behalf at an hourly rate of $250.00.  The Commissioner of Social Security does not object to an award in the amount Fink requests.  ECF No. 14, PageID.573.  After reviewing the record, the Court **GRANTS** the motion for attorney's fees.[1]

---

[1] The parties have consented to the undersigned conducting all proceedings under 28 U.S.C. § 636(c).  ECF No. 6.

II.   Analysis

### A.

Under the EAJA, a "prevailing party" in a civil action "brought by or against the United States" is entitled to reasonable attorney's fees and costs incurred in that action unless "the position of the United States was substantially justified or special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A), (d)(2)(A) (cleaned up); *DeLong v. Comm'r of Soc. Sec.*, 748 F.3d 723, 725 (6th Cir. 2014). The Court has broad discretion in determining whether to award fees under the EAJA. *Fisher v. Comm'r of Soc. Sec.*, No. 14-cv-13881, 2015 WL 4944385, at *1 (E.D. Mich. Aug. 19, 2015). But the Sixth Circuit has cautioned lower courts against "rubber stamping" EAJA fee applications, especially when a party requests an increased hourly rate based on inflation. *Begley v. Sec'y of Health & Human Servs.*, 966 F.2d 196, 200 (6th Cir. 1992).

### B.

A claimant is entitled to attorney's fees under the EAJA if (1) he is a prevailing party, (2) the Commissioner's opposing position was without substantial justification, and (3) there are no special circumstances that warrant denial of fees. *DeLong*, 748 F.3d at 725. "The application must also be filed within thirty days of a court's final judgment. Only reasonable attorney fees will be permitted." *Cantu v. Comm'r of Soc. Sec.*, No. 18-

11409, 2019 WL 2314863, at *1 (E.D. Mich. May 31, 2019) (cleaned up). This application meets all these requirements.

Because this Court remanded the ALJ's decision under sentence four of 42 U.S.C. § 405(g), plaintiff is a prevailing party. ECF No. 11, PageID.541. *See Turner v. Comm'r of Soc. Sec.*, 680 F.3d 721, 723 (6th Cir. 2012) (holding that a sentence-four remand makes the plaintiff a prevailing party under the EAJA). And the government's position was not substantially justified. A position is substantially justified if it could satisfy a reasonable person that it was reasonable under both law and fact. *Cantu*, 2019 WL 2314863, at *1 (citing *Pierce v. Underwood*, 487 U.S. 552, 553 (1988)). "'[T]he relevant inquiry concerning the government's position was whether it was reasonable for the Commissioner to defend the ALJ's decision to deny benefits.'" *Id.* (quoting *Ratliff v. Comm'r of Soc. Sec.*, 465 F. App'x 459, 460 (6th Cir. 2012)). The Commissioner carries the burden of showing that its position was substantially justified. *Delong*, 748 F.3d at 725-26. Because the Commissioner does not oppose the application for fees, it has not met this burden. *See Cantu*, 2019 WL 2314863, at *1 (collecting cases holding that substantial justification does not exist when the government does not oppose an application for fees).

"A successful disability applicant may file for attorneys' fees 30 days after the 60-day appeal period provided for in [Federal Rule of Appellate

Procedure] 4(a) has run, regardless of the specific form of the court's judgment, or the particular nature of the government's non-opposition to or acquiescence in an award of benefits." *Hoa Hong Van v. Barnhart*, 483 F.3d 600, 608 (9th Cir. 2007). The Court's judgment became final for EAJA purposes on October 20, 2024, when it was no longer appealable by the Commissioner. *See* ECF No.12 (dated August 20, 2024). But Plaintiff filed his application on September 20, 2024. ECF No. 13. Thus, his application was premature. *See Reynolds v. Comm'r of Soc. Sec.*, No. 1:10-CV-738, 2011 WL 1740007, at *1 (W.D. Mich. Feb. 10, 2011), *adopted as modified*, 2011 WL 1740006 (W.D. Mich. May 4, 2011) (finding that an application for EAJA fees filed before the period for appeal has run is premature). But the Commissioner has not objected to the timing of plaintiff's motion. *See* ECF No.14. And since "dismissing plaintiff's motion for the sole purpose of forcing [him] to refile would be a waste of time and resources, plaintiff's motion should be deemed timely." *Reynolds,* 2011 WL 1740007, at *1 (cleaned up).

Finally, the Commissioner has advanced no special circumstance warranting denial.

## C.

The amount of the fees requested is reasonable. In contemplating what constitutes "reasonable attorney fees," the EAJA provides:

> The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A) (cleaned up). A plaintiff requesting an increased hourly rate bears the burden of producing "satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009) (cleaned up).

Although an increased cost of living reflected in the Consumer Price Index is alone insufficient evidence for an increased hourly rate, attorney affidavits and qualifications provide other support that can satisfy the applicant's burden. *Cantu*, 2019 WL 2314863, at *4; *see also Elms v. Comm'r of Soc. Sec.*, No. 16-10180, 2019 WL 1532372, at *3 (E.D. Mich. Apr. 9, 2019). Here, in addition to the Consumer Price Index, the application relies on (1) the State Bar of Michigan's 2023 Economics of Law Service Results; (2) an affidavit from Fink outlining his work on plaintiff's case, his rate, and his professional experience; (3) an itemization

5

of the hours Fink spent working on the case; and (4) Fink's curriculum vitae. ECF No. 13, PageID.554-570. Fink has 8 years of practice experience. *Id.*, PageID. 564. Fink's hourly rate of $250 is less than the average hourly rate of Michigan attorneys with comparable experience. *See id.*, PageID.568 (average rate of an attorney with 6 to 10 years experience is $322/hr). The 29.1 hours of attorney time is in line with cases awarding EAJA fees.[2] *See Jeter v. Comm'r of Soc. Sec.*, No. 1:18-cv-465, 2019 WL 1060968, at *2 (W.D. Mich. Feb. 5, 2019) ("a reasonable expenditure of time for the representation of a party" in a social security appeal is between 15 to 30 hours). Notably, the Commissioner does not argue that the amount of fees requested is unreasonable. *See* ECF No. 14. Together, this information shows that the requested attorney hourly rate of $250.00 is reasonable under the EAJA.

### D.

The Commissioner requests that the Court order that EAJA fees belong to plaintiff and not his attorney so that they can be offset to satisfy any preexisting debts the litigant owes to the government. ECF No.14, PageID. 573-574. Fink also requests that the fees be awarded to plaintiff.

---

[2] The itemization details 29.1 hours spent working on the merits of the case. ECF No. 13, PageID.550-551.
.

6

ECF No. 13, PageID.456. The Supreme Court has held that EAJA attorney fees belong to the plaintiff, not the plaintiff's attorney, and that the award of fees may be "offset to satisfy a pre-existing debt that the litigant owes the United States." *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010). In practice, attorney fees are still paid to a plaintiff's attorney when the plaintiff does not owe a debt to the government. *See Phillilps v. Comm'r of Soc. Sec.,* No. 12-10016, 2013 WL 5313200, at *3 (E.D. Mich. Sept. 20, 2013). Thus, the Court orders that the Commissioner be required to determine whether a preexisting debt exists that would offset the EAJA fees. If no preexisting debt exists, the EAJA fees should be paid directly to plaintiff's attorney.

### III. Conclusion

The Court thus **GRANTS** that the motion for attorney's fees (ECF No. 13).

s/Elizabeth A. Stafford  
ELIZABETH A. STAFFORD  
United States Magistrate Judge

Dated: November 5, 2024

### NOTICE TO PARTIES ABOUT OBJECTIONS

7

Within 14 days of being served with this order, any party may file objections with the assigned district judge. Fed. R. Civ. P. 72(a). The district judge may sustain an objection only if the order is clearly erroneous or contrary to law. 28 U.S.C. § 636. **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."** E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 5, 2024.

s/Davon Allen
DAVON ALLEN
Case Manager